**LATHAM & WATKINS LLP**
Melanie M. Blunschi (Bar No. 234264)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-8129
melanie.blunschi@lw.com

Michael J. Reiss (Bar No. 275021)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (213) 891-7522
michael.reiss@lw.com

*Attorneys for Defendant*
*1Life Healthcare, Inc. d/b/a One Medical*

*(additional counsel listed on signature page)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHAN RYAN BEST, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>1LIFE HEALTHCARE, INC. dba ONE MEDICAL, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 3:26-cv-06145-RFL<br><br>**STIPULATION AND [PROPOSED] ORDER CONTINUING TIME FOR DEFENDANT TO RESPOND TO COMPLAINT** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Pursuant to Civil Local Rules 6-1 and 6-2, Plaintiff Jonathan Ryan Best ("Plaintiff") and Defendant 1Life Healthcare, Inc. d/b/a One Medical ("Defendant") by and through undersigned counsel of record, respectfully submit this Stipulation Continuing Time for Defendant to Respond to Complaint (the "Stipulation"), the Appendix, and the Declaration of Melanie M. Blunschi in Support of the Stipulation (the "Blunschi Declaration") concurrently filed herewith.  The parties stipulate with respect to Defendant's time to respond to the Complaint as follows:

WHEREAS, on June 19, 2026, Plaintiff filed the instant action, *Best v. 1Life Healthcare, Inc. dba One Medical et al.*, No. 3:26-cv-06145-RFL, regarding an alleged data breach (the "Alleged Data Breach") involving Defendant (ECF No.1);

WHEREAS, Defendant was served with the *Best* Complaint on June 30, 2026 (ECF No. 18);

WHEREAS, pursuant to Fed. R. Civ. Proc. 12(a), Defendant's response to the *Best* Complaint is currently due on or before July 21, 2026 (*id*.);

WHEREAS, in addition to the *Best* Complaint, different plaintiffs filed the following actions, each relating to the same Alleged Data Breach:

1) *Whiting v. 1Life Healthcare, Inc. d/b/a One Medical*, No. 3:26-cv-06161-RFL

2) *Ardi v. 1Life Healthcare, Inc. d/b/a One Medical*, No. 3:26-cv-06189-RFL

3) *Hickman-Wise et al. v. 1Life Healthcare, Inc. d/b/a One Medical*, No. 3:26-cv-06142-RFL

4) *Askins v. 1Life Healthcare, Inc. d/b/a One Medical*, No. 3:26-cv-06166-RFL

5) *McDougall v. 1Life Healthcare, Inc. d/b/a One Medical*, No. 3:26-cv-06278-RFL

6) *Sanders v. 1Life Healthcare, Inc. d/b/a One Medical*, No. 3:26-cv-07053-AGT

WHEREAS, Defendant was served with the *Whiting* Complaint on June 25, 2026 (*Whiting*, ECF No. 12) and, on July 17, 2026, the Court in the *Whiting* case vacated Defendant's deadline to respond to the *Whiting* Complaint pending resolution of Plaintiffs' Motion to Consolidate (as defined below);

1

WHEREAS, Defendant was served with the *Ardi* Complaint on July 14, 2026 (*Ardi*, ECF No. 16) and, pursuant to Fed. R. Civ. Proc. 12(a), Defendant's response to the *Ardi* Complaint is currently due on or before August 4, 2026 (*id.*);

WHEREAS, *Whiting*, *Best*, *Ardi*, *Hickman-Wise*, *Askins*, *McDougall*, and *Sanders* (the "Subject Actions") all relate to the same Alleged Data Breach and, on June 26, 2026, prior to the filing of the *Sanders* Complaint, the *Whiting*, *Best*, *Ardi*, *Hickman-Wise*, *Askins*, and *McDougall* actions were deemed related (*see Whiting*, ECF No. 8; *Best*, ECF No. 10; *Ardi*, ECF No. 7; *Hickman-Wise*, ECF No. 9; *Askins*, ECF No. 4; and *McDougall*, ECF No. 6);

WHEREAS, on June 25, 2026 the plaintiffs in the *Whiting*, *Best*, *Ardi*, *Hickman-Wise*, *Askins*, and *McDougall* cases (collectively, "Plaintiffs") filed a Motion to Consolidate the Subject Actions (the "Motion to Consolidate") under the *Hickman-Wise* docket with a proposed consolidated case caption: *In re 1Life Healthcare, Inc. d/b/a One Medical Data Breach Litigation* (Blunschi Decl. ¶ 8)[1];

WHEREAS, the Motion to Consolidate seeks to (i) address appointment of interim lead counsel for Plaintiffs; (ii) upon the appointment of interim lead counsel, establish a deadline for Plaintiffs to file a Consolidated Complaint, and (iii) obviate the need for Defendant to respond to any complaint other than the Consolidated Complaint (*Hickman-Wise*, ECF No. 8-1, ¶¶ 7-9);

WHEREAS, the Motion to Consolidate is still pending, and thus Defendant currently faces upcoming response deadlines in the instant *Best* action and in the *Ardi* action (*see* Blunschi Decl. ¶ 9);

WHEREAS, to avoid unnecessary expenditure of resources and effort responding to individual complaints in the Subject Actions where all parties are agreed that the complaints should first be consolidated, and where the Motion to Consolidate is already pending, the parties have

---

[1] While the Motion to Consolidate does not specifically reference the later-filed *Sanders* Complaint, the parties expect *Sanders* to be deemed related to the other actions and to be consolidated with them, should the Motion to Consolidate be granted. *See* Proposed Order for Motion to Consolidate, *Hickman-Wise*, ECF No. 14-1 at ¶ 6 ("Any class or representative action subsequently filed in … this Court that arises out of the same or similar alleged facts as the Consolidated Action shall be consolidated with the Consolidated Action for pretrial purposes."). Blunschi Decl. ¶ 8.

2

agreed to extend the time for Defendant to respond to the Complaint until (i) 45 days following the filing of a Consolidated Complaint, assuming the Motion to Consolidate is granted and interim lead counsel are subsequently appointed; or (ii) if the Court denies the Motion to Consolidate, 45 days after the Court issues such decision. (*Id.* ¶¶ 16-17.)

WHEREAS, there is good cause to grant this request, which is not made for the purposes of delay (*id.*);

WHEREAS, there have been no previous requests for time modifications in this action, and the Court has made no order with respect to the granting of extensions of time thus far; and

It is therefore **STIPULATED** and **AGREED** that:

1.      Defendant's deadline to serve its response to the Complaint shall be extended pending the anticipated ruling on Plaintiffs' Motion to Consolidate.

2.      If the Motion to Consolidate is granted and interim lead counsel is appointed, the parties will ask the Court to set the deadline for Defendant to serve its response to the anticipated Consolidated Complaint at 45 days after the Consolidated Complaint is filed.  The parties shall further meet and confer within fourteen (14) days of any ruling granting the Motion to Consolidate to establish a briefing schedule for any anticipated motions filed in response to the Consolidated Complaint.

3.      If the Motion to Consolidate is not granted, Defendant shall file and serve its response to the Complaint within 45 days of the Court's decision.  The parties shall further meet and confer within fourteen (14) days of any ruling denying the Motion to Consolidate to establish a briefing schedule for any anticipated motions filed in response to the Complaint.

4.      Nothing in this Stipulation shall be construed as a waiver of any Party's rights or position in law or equity, or as a waiver of any defenses, including but not limited to those based on jurisdiction, venue, standing, and failure to state a claim upon which relief may be granted.

5.      It is therefore **ORDERED** that:

6.      Defendant's deadline to respond to the Complaint is vacated pending resolution of the Plaintiffs' Motion to Consolidate.

3

Dated: July 21, 2026

By: */s/ Melanie M. Blunschi*

**LATHAM & WATKINS LLP**
Melanie M. Blunschi (Bar No. 234264)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-8129
melanie.blunschi@lw.com

Michael Reiss (Bar No. 275021)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (213) 891-7522
michael.reiss@lw.com

Serrin Turner (*pro hac vice* forthcoming)
Matthew Valenti (*pro hac vice* forthcoming)
1271 Avenue of the Americas
New York, New York 10020-4834
Telephone: (212) 906-1200
serrin.turner@lw.com
matthew.valenti@lw.com

Bradley Baglien (*pro hac vice forthcoming*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2173
brad.baglien@lw.com

*Attorneys for Defendant 1Life Healthcare, Inc.
d/b/a One Medical*

By: */s/ Jesenia A. Martinez*

**WILSHIRE LAW FIRM, PLC**
Thiago M. Coelho (Bar No. 324715)
Chumahan B. Bowen (Bar No. 268136)
Jesenia A. Martinez (Bar No. SBN 316969)
660 S. Figueroa Street, Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
thiago.coelho@wilshirelawfirm.com
chumahan.bowen@wilshirelawfirm.com
jesenia.martinez@wilshirelawfirm.com

*Attorney for Plaintiff and the Proposed Class*

4

## SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order Continuing Time for Defendant to Respond to Complaints. Pursuant to L.R 5-1(i)(3) regarding signatures, I, Melanie M. Blunschi, attest that concurrence in the filing of this document has been obtained.

Dated: July 21, 2026

/s/ *Melanie M. Blunschi*
Melanie M. Blunschi

5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 22, 2026

_____
Hon. Rita F. Lin
United States District Judge

6

STIPULATION AND [PROP.] ORDER CONTINUING
TIME FOR DEF. TO RESPOND TO COMPLAINT
CASE NO. 3:26-cv-06145-RFL

## **APPENDIX: SUMMARY CHART OF PROPOSED CHANGES TO SCHEDULE**

Pursuant to Paragraph 11 of this Court's Standing Order for Civil Cases, the parties respectfully submit the following chart reflecting the currently scheduled deadlines and the parties' proposed deadlines:

| **Currently Scheduled Deadline** | **Proposed Deadline** |
|---|---|
| July 21, 2026 – Defendant's last day to respond to the *Best* Complaint. | In the event that Plaintiffs' Motion to Consolidate is granted, Defendant shall file its response to the anticipated Consolidated Complaint 45 days after the Consolidated Complaint is filed.<br><br>In the event that Plaintiffs' Motion to Consolidate is denied, Defendant shall file its response to the *Best* Complaint no later than 45 days after the order denying the Motion to Consolidate. |

7